IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **GAIL SENEGAL,** § | | |
| Plaintiff, § | | |
| v. § | CASE NO. 1:16-cv-00019 | |
| § | | |
| § | | |
| **COMBINE HOSPITALITY, L.L.C.,** § | | |
| Defendant. § | | |
| § | JURY TRIAL DEMANDED | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**GAIL SENEGAL ("Senegal")**, Plaintiff in the above numbered and styled cause, files her Original Complaint complaining of **COMBINE HOSPITALITY, L.L.C.,** Defendant herein, and in support thereof shows this Court as follows:

1. This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, ("Section 1981") and the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination and a hostile work environment based on Race and Color, from Retaliation for opposition to such unlawful practices, and for payment of an overtime premium.

2. This Court has jurisdiction under the FLSA pursuant to 29 U.S.C. §216(b) and the overtime provision at 29 U.S.C. §207. Plaintiff's claims arise under §§ 7(a)(1),

11(c), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), 211(c), and 216(b).  In connection with the acts and course of conduct alleged in this complaint, Plaintiff engaged in commerce.

3. Defendant is an employer with gross annual revenues exceeding $500,000 in each of the past three years, which engages in commerce and/or is an enterprise that is engaged in commerce and is therefore covered by the FLSA.

## Venue

4. Venue is proper in the U.S. District Court for the Eastern District of Texas Beaumont Division.  A substantial part, if not all, of the cause of action accrued or arose in the Eastern District of Texas.  Defendant maintains sufficient business contacts within the counties comprising the Beaumont Division.  Furthermore, the Plaintiff resided within the Beaumont Division during the pertinent times in question.

## Parties

5. Gail Senegal is a United States citizen and a resident of Beaumont, Texas.  At all times material hereto, Senegal was an employee of Defendant, as defined by and under the FLSA, and under Section 1981.

6. Combine Hospitality, L.L.C. is a company incorporated in Texas.  It may be served with this lawsuit by serving its registered agent for service of process, Ketul Akhani, 1110 IH-10 South, Beaumont, TX 77707.

7. Defendant is an owner/operator of the Ramada Hotel on 3985 College St., Beaumont, TX 77707.

8. Defendant is an employer as defined by and understood under the FLSA, and a

covered entity under Section 1981 as Plaintiff's employer.

## Facts[1]

9. Upon information and belief, Ketul Akhani ("Akhani") is a Member Manager and/or owner of Defendant.

10. Akhani was Senegal's immediate supervisor during all pertinent times.

11. Senegal was employed by Defendant from January 22, 2014 through her termination of employment on October 8, 2015.

12. Senegal held the position of Assistant Manager at Defendant's Ramada hotel on 3985 College St. in Beaumont.

13. Senegal was an employee of Defendant during the time period in question.

14. Senegal was compensated at a rate of pay in the amount of $9.00 per hour.

15. Defendant paid Senegal on an hourly basis for her work performed and paid her the same hourly rate for all hours worked each workweek, including all hours over 40 (a/k/a "straight time for overtime").

16. Defendant failed to pay Senegal her overtime premium of one-half her hourly rate of pay for hours worked over 40 in a workweek.

17. Therefore, Senegal was never paid for overtime in the amount of time and a half her hourly rate for hours worked over 40 in a workweek.

18. Throughout her employment with Defendant, Senegal routinely worked a significant number of hours of overtime in performing her job.

---

1  These facts are by no means exhaustive.

3

19. For example, during the two-week pay period ending June 30, 2014, Senegal worked 90 hours (having worked a minimum of 40 hours for each week), received an hourly rate of pay of $9.00, and was paid a total of $810.00 for that pay period.

20. For example, during the two-week pay period ending February 28, 2015, Senegal worked 85 hours (having worked a minimum of 40 hours for each week), received an hourly rate of pay of $9.00, and was paid a total of $765.00 for that pay period.

21. Throughout the time period in question, Senegal was paid based on the following formula; the number of hours she worked multiplied by her hourly rate of pay.

22. Senegal is a nonexempt employee of Defendant.

23. Because Senegal is a nonexempt employee, Defendant is required to pay her at one and one-half times her regular rate of pay for those hours worked in excess of forty in a single workweek. 29 U.S.C. § 207(a).  However, Senegal has not been compensated for the hours worked in excess of forty hours per week at one and one-half times her regular rate of pay.  Rather than being paid at the statutorily required time and one-half for each hour worked in excess of forty in a workweek, Senegal was only paid the aforementioned straight time for all hours worked.

24. Because Senegal is entitled to be paid for all hours worked in excess of forty hours per week at overtime rates, Defendant's policy and practice of failing to pay her overtime rates for overtime hours is a clear violation of the FLSA.

25. Defendant's illegal actions were and are willful violations of the FLSA.  The illegal pattern or practice on the part of Defendant with respect to overtime compensation for Senegal was and is in violation of the FLSA.  No exemption

excused Defendant from paying Senegal at one and one half times the hourly rates for hours worked over forty in a regular workweek. Rather, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of wages to Senegal.

26. Senegal maintained a high level of performance throughout her employment with Defendant.

27. During her employment, Senegal was subjected to disparate treatment and a hostile work environment relating to her race/color (African-American/Black).

28. By way of example only, Akhani made various comments that were derogatory based on Senegal's race (African/American) and color (Black).

29. When Senegal asked for vacation, Akhani questioned what she was doing and asked if she was "going back to Africa to see her people."

30. Senegal complained to Akhani about his racially derogatory comment.

31. Akhani told Senegal not to hire any more "Black people" because there are "too many Black people" in reference to the number of African-American employees at the Ramada.

32. Akhani further doubled down on his racial comment by saying that he has "more issues with Black people, just too many."

33. On or about June 25, 2015, Akhani called Senegal a "Ni**er" (racial slur omitted).

34. Senegal complained to Akhani's partner and co-owner of Defendant, Bankim Patel, about this racially derogatory comment.

35. Akhani refused to apologize or say it was a mistake.

36. Since Akhani continued to place Ms. Senegal in a hostile work environment based on race/color and Defendant would not take remedial action to remove such discrimination from the environment, Senegal subsequently filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWC-CRD"), which is dually filed with the U.S. Equal Employment Opportunity Commission.

37. When Akhani received notice from the TWC-CRD, he asked Senegal on October 8, 2015 what the documents were.

38. She informed him that she filed a discrimination complaint against Defendant, and also made reference to her complaint about him calling her a "Ni**er" (racial slur omitted).

39. In retaliation for her opposing such unlawful practices, Akhani then immediately told Senegal that he was going to "reduce [her] hours."

40. Akhani told Senegal to "take a day off" and that he would think about it because he did not want to see her at that time.

41. Almost immediately thereafter, when Akhani told her to "go," she asked if he wanted her to come back, and he said "No, if I want you to come back, I'll let you know."

42. No one from Respondent asked her to come back to work.

43. Senegal's employment from Defendant was terminated.

44. Senegal subsequently applied for unemployment insurance benefits.

45. In response to the inquiry from the Texas Workforce Commission, Akhani expressly stated that he acknowledged that Senegal "provided [him] a letter for a

6

discrimination complaint."

46. Akhani also told the Texas Workforce Commission that "she filed with the EEOC" and that he "was upset."

47. Respondent through Akhani terminated Senegal in retaliation for her opposition to such unlawful practices of race/color discrimination.

## CAUSES OF ACTION

**Race and Color Discrimination and Retaliation under Section 1981.**

48. Plaintiff hereby incorporates all facts stated in the preceding paragraphs as if set forth fully herein.

49. Defendant has intentionally discriminated against Plaintiff in violation of Section 1981 based on race (African-American) and color (Black); engaged in a hostile work environment based on race and color as to Plaintiff; failed to promptly take remedial action; and threatened to reduce her hours and terminated Plaintiff in retaliation for her engaging in legally protected activities.

50. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to her professional reputation, all to her detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

51. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and

will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

52. The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race and color and otherwise adversely effect their status as employees because of same.

53. All jurisdictional requisites and/or conditions precedent, if applicable, to bring this suit have been satisfied.

**Fair Labor Standards Act**

54. Senegal hereby incorporates all the preceding facts of this Plaintiff's Original Complaint as if set forth herein.

55. Defendant's practice of failing to pay overtime compensation at one and one-half the Plaintiff's regular rate for all work in excess of forty (40) hours was and is in violation of the FLSA. 29 U.S.C. §207.  Accordingly, Plaintiff is entitled to overtime pay in an amount which is one and one-half times her hourly regular rate of pay for the time period dating back three years from the date of filing this action.

56. Additionally, Plaintiff is entitled to an amount equal to all her unpaid wages as liquidated damages, as well as her reasonable attorneys' fees and costs of this action. 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

Case 1:16-cv-00019-MAC   Document 1   Filed 01/21/16   Page 9 of 10 PageID #: 9

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race and color, which are in retaliation for her opposition to such unlawful practices, or otherwise deprive Plaintiff of her rights and privileges secured by Federal Law, and an injunction under the FLSA for any further violations.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of her rights protected by Section 1981 and FLSA.

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv. Order the Defendant to pay punitive damages in an amount at least three times the actual and compensatory damages awarded.

v. Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible.

vi. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

9

vii. Award overtime wages for all unpaid and/or underpaid hours worked in excess of 40 hours in a workweek at the rate of one and one half times Plaintiff's regular rate of pay;

viii. Grant an equal additional amount as liquidated damages as allowed under the FLSA;

ix. Grant pre-judgment and post-judgment interest at the highest rates allowed by law; and

x. Grant Plaintiff her costs incurred herein, and as part of such costs, reasonable Attorneys fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

Respectfully submitted,

By: */S/ Ian Scharfman*
IAN SCHARFMAN
ATTORNEY-IN-CHARGE
STATE BAR #00788360
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(713) 255-2267 (Tel)
(713) 255-2270 (Fax)
ian@scharfmanlawfirm.com

Of Counsel:
THE SCHARFMAN LAW FIRM, PLLC

ATTORNEY FOR PLAINTIFF